**Kenya LEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0901–CR–46.**

Court of Appeals of Indiana.

Nov. 16, 2009.

Elizabeth A. Gabig, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Janine Steck Huffman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

GARRARD, Senior Judge.

Kenya Lee was charged with strangulation, a Class D felony; domestic battery, a Class A misdemeanor; battery, a Class A misdemeanor; and two counts of invasion of privacy, Class A misdemeanors. After a bench trial, he was convicted on the two counts of invasion of privacy and acquitted of the remaining counts. He was sentenced to 365 days with 351 days suspended to probation. On appeal, Lee contends the court abused its discretion by admitting hearsay evidence regarding the identity of the woman he was prohibited from contacting.

On September 19, 2008, police responded to a 911 call reporting a disturbance at a residence in Marion County that was occupied by Lee, Patricia Washington, and her four children. The 911 call was made from Washington's cell phone. Officer Ricardo Flores responded to the call and spoke with Lee for about 45 minutes. Lee was arrested and a no contact order forbidding him to have any contact with Washington was entered on September 20.

The case was assigned to Detective William Carter. He began his investigation by calling the cell phone number used to make the 911 call, which was listed as the telephone number of Patricia Washington[1]. A woman answered and identified herself as Patricia Washington. She told Detective Carter the names and birthdates of her four children and discussed the nature of the incident that had occurred.

---

1. According to the testimony, when a 911 call is made, the Computer Aided Dispatch (CAD) system displays the telephone number, the name of the person to whom the number is registered, and the person's address.

Detective Carter testified that he routinely checks the Marion County jail telephone computer log to determine if telephone calls are made from inmates to the victims in the cases he is working. A search revealed over twenty-eight calls to Washington's two telephone numbers that were made after entry of the no contact order. Detective Carter recorded six of the telephone conversations and two of them were played at the trial over Lee's hearsay objection.

Listening to the recordings of the telephone conversations, Officer Flores identified the voice of the male as belonging to Kenya Lee. Based upon his earlier telephone conversation with her, Detective Carter identified the voice of the female as that of Patricia Washington. Washington did not testify at the trial.

On appeal Lee contends that the court abused its discretion when it overruled his hearsay objection and allowed Detective Carter to testify to the conversation he had when he called Patricia Washington's cell phone number. The state responded to the objection by asserting that it was offering the evidence only to establish identity, and the court allowed the testimony.

■ A trial court has broad discretion in ruling on the admissibility of the evidence. *DM. v. State*, 902 N.E.2d 276, 278 (Ind.Ct.App.2009). We will reverse a trial court's ruling on the admissibility of the evidence only for an abuse of discretion. *Id.* An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. We consider the evidence most favorable to the trial court's decision and any uncontradicted evidence to the contrary. *Id.*

■ Ind. Evidence Rule 901(a) provides that the requirement of identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid. R. 901(b) provides illustrations of examples that satisfy this requirement. Subsection (6) provides:

> Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person ... if ... circumstances, including self-identification, show the person answering to be the one called. . . .

We believe that calling the number which initiated the 911 call and was shown by both the CAD system and the original police report as belonging to Washington was the functional equivalent of establishing that it was the number assigned at the time by the telephone company to Patricia Washington. Her response that she was Patricia Washington and providing details concerning her four children and what had occurred with Lee satisfy the requirements of Evid. R. 901(b)(6) to establish her identity as being Patricia Washington.

Evid. R. 901(b)(5) provides for the admission of:

> Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it to the alleged speaker.

Thus, it was proper for Detective Carter to testify on the basis of his familiarity with Washington's voice, that she was the person whom Lee called and was speaking to from the jail on September 21st and 22nd. The trial court did not err in admitting evidence.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.